UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHNNY ORTEGA, JEROME RICHARD SHAWKE,

Plaintiffs,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

NO. EDCV 13-25-JAK (AGR)

**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION**

On January 23, 2013, Johnny Ortega and Jerome Richard Shawke filed a document entitled "Case Removal to District Court" ("Notice of Removal"). Although Ortega and Shawke captioned the case with themselves as plaintiffs, they are apparently attempting to remove a Riverside County Superior Court case in which Ortega was a defendant, *Wessman Holdings LLC v. Johnny Ortega*, Case No. INC 1205818, which was filed on August 17, 2012, and removed by Ortega on December 24, 2012.[1]

[1] The Court takes judicial notice of the online docket of the Riverside Superior Court's website (http://www.riverside.courts.ca.gov/publicaccess.shtml). *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

The Court will remand this unlawful detainer action to state court summarily because Ortega removed it improperly. There are defects in the removal process, and there is no basis for this Court's jurisdiction.

Ortega has failed to attach "a copy of all process, pleadings, and orders served upon such defendant" in the state action. *See* 28 U.S.C. § 1446(a). Ortega did not remove the case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *See* 28 U.S.C. § 1446(b).[2]

The Notice of Removal, which is largely incoherent, does not contain "a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). In the section entitled "Jurisdiction" it states:

> California Republic Constitution 1849 Art VI judicial Department *unrepealed* ... Art VI Sec 6 *The District Courts shall have* ***original*** *jurisdiction, in law & equity, in all civil {over 200$} & criminal cases.* We the plaintiffs consent to common law & only common law jurisdiction. If you USDC only deal-adjudicate in Admiralty cases, forward immediately {sua sponte} to your District Court of the United States aka DCUS and/or Supreme Court in Washington whereby/in original jurisdiction lies or resides ...also...for felonies listed herein and violations of the higher law...the common law & Constitutional Laws.

(Notice of Removal at 4-5 (emphases in original).)

On page 7 there is a section entitled "Grounds for Removal & Causes of Action Violations & Contempt of/at/against the Nat'l Constitutions 1849 & 1879." Count 1 is entitled "Want of jurisdiction and/or distress of jurisdiction: Perjury to Oath" and provides in part:

---

[2] According to the state court docket, a proof of service on Ortega was filed on August 22, 2012, and Ortega answered the petition on September 17, 2012.

Due to the reported and filed documents & objections & Jurisdiction Challenge into the case INC 1205818, thereby the ISC, magistrate & Plaintiff **[1]** lack any implied and presumed and unspecified jurisdiction **[2]** failed to state jurisdiction on the record after repeated demands & notices and filed Jurisdictional Challenge, see EXH **[3]** both the magistrate Evans & plaintiff counsel Blasdel failed to complete the demanded and sent jurisdiction form FJ101 **[4]** Lack of personam jurisdiction, ens legis JOHNNY ORTEGA...*ain't any defendant or respondent we know; we don't consent nor sign in ALL CAPITAL* [5] Lack jurisdiction by impeached Evans immediately upon Notice of his crimes & Notice of Treason sent & filed...the ISC under seat of impeached Evans lacked jurisdiction to proceed...this case is immediately closed, void & removed for want & distress of jurisdiction.

(Notice of Removal at 7 (emphases in original).)

Wessman Holdings could not have brought this action in federal court in the first place; the Notice of Removal does not competently allege facts supporting jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Ortega does not allege that the state petition contained any federal cause of action. Nor does he allege diversity jurisdiction.[3] In addition, it appears from the state court's docket that the petition and cross-complaint were dismissed on December 18, 2012. Accordingly, "there is no 'case' . . . to remove." *See U.S. Bank Nat'l Ass'n v. Ramirez*, 2010 WL 4736318, *1 (C.D. Cal. 2010) (citing *Four Keys Leasing & Maintenance Corp. V. Simithis*, 849 F.2d 770, 774 (9th Cir. 1988)).

---

[3] Ortega does not allege that Wessman Holdings, LLC is a citizen of another state. According to the California Secretary of State's website, Wessman Holdings, LLC is an active limited liability company located in Palm Springs, California. *See* kepler.sos.ca.gov, last visited on January 30, 2013.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Riverside County, Larson Justice Center, 46200 Oasis Street, Indio, CA 92201 for procedural defects and for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and (2) the Clerk send a certified copy of this Order to the state court.

DATED: February 6, 2013

JOHN A. KRONSTADT
United States District Judge